IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RANDY KESSLER and BRENDA KESSLER,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON DEPARTMENT OF CHILD WELFARE, JOSH MILLER, JANICE VASQUEZ, BECKY FOSTER, JENNIFER NYE, and REBECCA OLSEN; LISA GREIF; JUDITH BARR; MICHAEL O'CONNELL; GRETA LILLY; and MICK SMITH,<br><br>Defendants. | Civ. No. 1:13-cv-02302-CL<br><br>FINDINGS AND RECOMMENDATION |

CLARKE, Magistrate Judge.

This matter comes before the court on defendant Judith Barr's motion (#13) to dismiss for lack of subject matter jurisdiction. Plaintiffs have filed a response (#15) and an amended complaint (#18). For the reasons below, defendant's motion should be GRANTED and the amended complaint (#18) DISMISSED with prejudice.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

On June 18, 2013, plaintiffs Randy and Brenda Kessler ("plaintiffs") filed a *pro se* complaint against the Oregon Department of Child Welfare ("DHS") and its employees Josh Miller and Jennifer Nye alleging both federal and state law claims arising from the State's pending dependency proceedings involving plaintiffs' two minor children. *See Kessler v. Oregon Dept. of Child Welfare*, Civ. No. 1:13-cv-01023-CL (D. Or. Oct. 7, 2013). In an order adopting this court's Findings and Recommendation, the court dismissed plaintiffs' complaint with prejudice on October 30, 2013. On November 15, 2013, the Ninth Circuit issued a formal mandate that judgment of the court take effect. *Kessler v. Oregon Dept. of Child Welfare, et al.*, No. 13-35939 (9th Cir. 2013).

On December 30, 2013, proceeding *pro se* and *in forma pauperis*, plaintiffs again filed a complaint against DHS, Nye, and Miller, this time naming Janice Vasquez, Becky Foster, Rebecca Olsen, Lisa Greif, Judith Barr, and Michael O'Connell (collectively, "defendants") as parties.[1] Defendant Judith Barr now moves to dismiss plaintiffs' claims against her for lack of subject matter jurisdiction (#13). For the reasons stated below, the court recommends that the motion be GRANTED and that plaintiffs' entire complaint be DISMISSED with prejudice.

## LEGAL STANDARDS

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552, 125 S.Ct. 2611 (2005). Therefore, the presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Federal subject matter jurisdiction is available only when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 or a "federal question" is presented. 28

---

[1] The amended complaint also names Greta Lilly and Mick Smith as defendants.

U.S.C. §§ 1331, 1332. 28 U.S.C. § 1331, the "federal question" statute, provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss a complaint for lack of jurisdiction. In a facial attack based on Rule 12(b)(1), "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In such a challenge, the factual allegations of the complaint are presumed to be true and conflicts in the pleadings are resolved in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (internal citations omitted); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). The court need merely to look at the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. To survive such a motion, the plaintiff need only make a *prima facie* showing of jurisdiction. *Rio Props., Inc.*, 284 F.3d at 1019; *see also Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999).

## FINDINGS

Defendant challenges this court's subject matter jurisdiction over plaintiffs' complaint on the grounds that the complaint centers on a child custody dispute. It is well-established that the federal government generally defers to the states in regard to laws governing domestic relations. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (*citing Ex parte Burrus*, 136 U.S. 586, 593-594 (1890) "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States")). Because matters regarding "the proper care, custody and control of juveniles ... have traditionally been left to the states," *Peterson v. Babbit,* 708 F.2d 465, 466 (9th Cir. 1983) (citing *L.H. v. Jamieson,*

643 F.2d 1351, 1355 (9th Cir. 1981)), the Ninth Circuit has determined that federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors.'" *Peterson,* 708 F.2d at 466.

Even if, as here, a case raises constitutional issues, a federal court should decline to hear it if the case centers on a child custody dispute. *Thompson v. Thompson,* 798 F.2d 1547, 1558 (9th Cir. 1986); *Coats v. Woods,* 819 F.2d 236, 237 (9th Cir. 1987); *Csibi v. Fustos,* 670 F.2d 134, 136-37 (9th Cir. 1982); *see also Banks v. Washington State CPS,* 2007 WL 128351, at *1 (E.D. Wa., Jan. 11, 2007) ("In the Ninth Circuit, district courts must refuse jurisdiction if the primary issue concerns child custody issues"). As the Ninth Circuit has explained:

> [T]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Peterson,* 708 F.2d at 466. Further, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See, e.g., Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court ... has no authority to review the final determinations of a state court in judicial proceedings."). Thus, this court lacks subject matter jurisdiction over challenges to the final determination of dependency proceeding.

As noted, plaintiffs' complaint challenges child custody proceedings initiated by the State. While plaintiffs appear to allege federal Constitutional violations under 42 U.S.C. § 1983—thus raising a federal question—these claims, because they are intertwined with the state court custody proceeding, should be heard in state court. *See Coats,* 819 F.2d at 237 ("[i]f the constitutional claims in the [child custody] case have independent merit, the state courts are

competent to hear them"); *Peterson*, 708 F.2d at 466. It is worth noting, finally, that plaintiffs' claims are substantially similar to the claims brought and subsequently dismissed with prejudice by this court in October, 2013. *See Kessler*, Civ. No. 1:13-cv-01023-CL. For these reasons, this court should abstain from adjudicating plaintiffs' federal claims, as they relate to a domestic relations dispute over the custody and placement of plaintiffs' minor children.

## 2.  State Law Claims

Insofar as plaintiffs appear to allege state law claims, the court lacks subject matter jurisdiction over those claims under 28 U.S.C. § 1331. Compl. Ex. 2; *see Meyer v. Trinity Medical Center*, 983 F.2d 905, 907-08 (9th Cir. 1993) (affirming lack of federal question jurisdiction over personal injury claims). Under 28 U.S.C. § 1367, it is within the district court's discretion to exercise jurisdiction over state law claims asserted with a federal claim that is properly before the court, provided that the federal claim and the state law claim derive from the same set of facts. Here, however, because the court should abstain from exercising jurisdiction over plaintiffs' federal claims, the court should also refuse to exercise pendent jurisdiction over plaintiffs' state law claims. Plaintiff's complaint should be dismissed in its entirety.

## 3.  Leave to Amend

If the court dismisses a complaint, it must decide whether to grant leave to amend. *See* 28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n. 6 (9th Cir.2002) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir.2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, plaintiffs assert claims substantially similar to those previously dismissed by this court. Thus,

plaintiffs should not be granted leave to amend. *See Silva v. Vittorio*, 658 F.3d 1090, 1106 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it absolutely clear that the deficiencies of the complaint could not cured by amendment") (*citation omitted*).

## RECOMMENDATION

After careful consideration of plaintiffs' complaint in light of the Rule 12(b) standard, the court recommends that defendant's motions to dismiss (#13) be GRANTED and plaintiffs' entire amended complaint (#18) DISMISSED with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6.

DATED this ___6___ day of FEBRUARY, 2014

_____
MARK D. CLARKE
United States Magistrate Judge